1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ZHANG DONG,

          Petitioner,

   v.

D.MARIN, Warden, Adelanto, *et al.*,

          Respondents.

Case No. 5:26-cv-00887-MRA-MAA

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION**

This habeas action was brought by Petitioner Zhang Dong, a noncitizen who was released by Immigration and Customs Enforcement ("ICE") on an Order of Supervision ("OSUP") on March 22, 2019, then re-detained by ICE on August 14, 2025. On February 27, 2026, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 11. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Ex Parte Application for a Temporary Restraining Order. ECF 11. The TRO required Respondents D. Marin, Warden of the Adelanto ICE Processing Center; Thomas Giles, Acting Field Office Director of the Immigration and Customs Enforcement ("ICE") Los Angeles Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents" or the "government") immediately release Petitioner pursuant to the terms of his preexisting OSUP and enjoined Respondents from re-detaining Petitioner without notice and the opportunity to be heard consistent with the Due Process clause and immigration law and regulations. *Id.* at 5. The Court ordered Respondents to file a notice of compliance verifying Petitioner's release. *Id.* The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* at 5-6. On March 2, 2026, Respondents filed a notice of compliance indicating that Petitioner was released on February 27, 2026. ECF 12. Respondents notably did not reference the preliminary injunction in the notice and never filed a separate response to the Court's order to show cause. Petitioner did not file a reply.

II.     **DISCUSSION**

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). Respondents had notice and an opportunity to respond in opposition to Petitioner's Motion for a TRO and filed a Non-

Opposition stating, "Respondents do not have an opposition argument to present." ECF 9 at 2. Respondents had further opportunity to explain why a preliminary injunction should not be issued and failed to file a response. Pursuant to Local Rule 7-12, the Court may treat Respondents' failure to file the Court-ordered response as consent to the granting of the preliminary injunction. In the interests of justice and judicial efficiency, the Court has reviewed all papers and arguments submitted. For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief. ECF 11; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A case becomes moot—and therefore no longer a 'case' or 'controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" *United States v. W. T. Grant Co.*, 73 S. Ct. 894, 897 (1953). This is a heavy burden. *Id.*

Here, given Respondents' wholesale failure to respond to the Court's order to show cause, there can be no doubt that they have failed to carry the heavy burden of demonstrating that there is no reasonable expectation that the wrong—*i.e.*, the unlawful re-detention of Petitioner without due process—will be repeated. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve. A habeas petition is not moot where preliminary relief is not made permanent.

*See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**. For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner without notice and opportunity to be heard consistent with the Due Process Clause and immigration law and regulations; and
2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 11, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE